**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALICIA ROJAS AND PAMELA PERALES GAUNA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:25-cv-00165** |
| | § | |
| **SIDNEY MCLENDON AND CARGILL MEAT LOGISTICS SOLUTIONS, INC.,** | § | |
| | § | |
| **Defendants.** | | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Sidney McLendon and Cargill Meat Logistics Solution, Inc. ("CMLS") (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and show as follows:

## I. INTRODUCTION

1. This case arises out of an automobile collision. On September 11, 2025, Plaintiffs filed their Original Petition in Cause No. CV-2025-03595 in the County Court at Law No. 2 of Denton County, Texas, initiating a civil cause of action against Defendants. **Exhibit C**.

2. Plaintiffs assert a negligence claim against Defendants related to the collision, alleging Sidney McLendon failed to operate his vehicle with ordinary care and "rear-ended" Plaintiffs' vehicle while Plaintiffs attempted to merge lanes. **Exhibit C**, ¶¶ 8-9. Plaintiffs assert that CMLS is vicariously liable to Plaintiffs because Sidney McLendon was "acting in the course and scope of his employment" with CMLS at the time of the alleged incident. **Exhibit C**, ¶¶ 8, 10

3. Plaintiffs' petition seeks actual damages, damages for physical pain and mental anguish in the past and future, medical expenses in the past and future, physical impairment, and

loss of earning capacity in addition to costs and statutory interest in the amount of "$250,000 or less." **Exhibit C**, Pg. 3-4.

4. CMLS was personally served with the Citation and Plaintiff's Original Petition on September 29, 2025, and again on October 3, 2025.

5. Sidney McLendon received the Citation and Plaintiffs' Original Petition via personal service on October 1, 2025.

6. At the time the petition was served upon Defendants and in the thirty days after, it was not facially apparent that the amount in controversy exceeded $75,000 as Plaintiffs' plea for damages pursuant to Texas Rule of Civil Procedure 47 permitted Plaintiffs to seek an unspecified range of damages. *See* TEX. R. CIV. P. 47. Plaintiffs' nondescript factual allegations regarding "non-specific injuries" further do not "meet the facially apparent test." *Castellanos v. Kroger Texas, L.P.*, 2023 WL 2699998 at *3 (N.D. Tex. March 28, 2023). Nor had discovery been conducted for Defendants to set forth "summary-judgment-type evidence" that supported a finding of the requisite amount. *Robinson v. Wal-Mart Stores Texas, L.L.C.*, 561 Fed. Appx. 417, 418 (5th Cir. 2014). Accordingly, the case was not removable pursuant to 28 U.S.C. 1446(b).

7. On January 22, 2026, Plaintiffs served Supplemental Answers to Initial Disclosures. Therein, Plaintiff Alicia Rojas disclosed, for the first time, that the amount of past medical expenses she seeks to recover total $81,848.63. **Exhibit N** at 2.[1] Additionally, Plaintiff Rojas seeks to recover damages for physical pain and mental anguish in the past and future, future medical expenses, physical impairment, and loss of earning capacity. *See* **Exhibit C**.

[1] Material appended to Plaintiff Rojas' Supplemental Answers to Initial Disclosures further included affidavits and medical records that contain Plaintiff's medical and sensitive personal information. For the purposes of this Notice, Defendants have not included the appended material in Exhibit N. Should the Court wish to review this material, Defendants will file it in redacted form or under seal at the Court's request.

8. Pursuant to 28 U.S.C. § 1446(b)(3), Plaintiff Rojas' Supplemental Answers to Initial Disclosures constitute an "other paper" where Defendants "first ascertained that the case is one which is or has become removable."

9. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendants.

10. Defendants now file this timely Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, are also filing a Notice of Filing Notice of Removal with the Denton County state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

11. Removal is proper and timely pursuant to 28 U.S.C. § 1446(b)(3). This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. Removal is Timely.

12. 28 U.S.C. § 1446(b)(3) provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

13. This Notice of Removal satisfies the timing requirements of section 1446(b)(3) because Defendants have filed within thirty days of service of an "other paper" from which it could be ascertained this case is removable. *See Ford v. Shoney's Restaurants, Inc.*, 900 F. Supp. 57, 59 (E.D. Tex. 1995) ("Discovery responses that show plaintiff's medical expenses certainly qualify as "other paper" under section 1446(b).").

14. Specifically, on January 22, 2026, Plaintiff Alicia Rojas supplemented her disclosures to provide sufficient information regarding the amount she seeks to recover in past medical expenses totaled $81,848.63, such that Defendants were able to ascertain that the amount in controversy requirement is met, and therefore the case is removable.

**B. Complete Diversity Exists Between the Parties.**

15. Plaintiff Alicia Rojas is an individual who resides in Carrollton, Dallas County, Texas. **Exhibit C**, ¶ 2.

16. Plaintiff Pamela Perales Gauna is an individual who resides in Carrollton, Dallas County, Texas. **Exhibit C**, ¶ 3.

17. At the time this action was commenced, Plaintiffs were, and still are, domiciled in the City of Carrollton, Dallas County, Texas. *See* Exhibit N at 2. In determining diversity jurisdiction, the state where someone establishes their domicile serves a dual function as their state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 573 (5th Cir. 2011). "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Domicile is further determined by reference to a variety of factors, including where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's license, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for their family. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Hollinger*, 654 F.3d at 573. Plaintiffs' residences are established in Texas, and Defendant alleges that, upon information and belief, Plaintiffs intend to remain in Texas.

18. Moreover, public records show that Plaintiff Rojas owns her residential home at 2120 El Dorado Way in Carrollton, Texas and has a mortgage in Texas. *See* **Exhibit O** at 3-5. She maintains a Texas driver's license. *See* **Exhibit I** at 2; **Exhibit O** at 3. Plaintiff Gauna has a vehicle registered in her name at 2262 Valley MI, Carrollton, Texas 75006-1936 and has an active voter registration in Texas. *See* **Exhibit P** at 3-4. Accordingly, the evidence in this case shows that Plaintiffs reside in Texas with the intent to remain there indefinitely. For purposes of diversity of citizenship, Plaintiffs are Texas citizens.

19. Defendant Sidney McLendon is an individual who resides in Bowdon, Carroll County, Georgia.

20. At the time this action was commenced, McLendon was, and still is, domiciled in Carroll County, Georgia, where he intends to remain. For the purposes of diversity of citizenship, he is a citizen of Georgia. *See Hollinger*, 654 F.3d at 573.

21. Defendant CMLS is a Kansas corporation with a principal place of business in Wichita, Kansas. Thus, for jurisdictional purposes, CMLS is a citizen of Kansas. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 484 (5th Cir. 2014) ("[A] corporation is the citizen of its principal place of business and place of incorporation.").

22. Because Plaintiffs are Texas citizens and Defendants are citizens of Georgia and Kansas, complete diversity exists pursuant to 28 U.S.C. § 1332(a).

**C. The Amount in Controversy Exceeds $75,000.**

23. The jurisdictional amount for diversity jurisdiction is met if the amount in controversy exceeds $75,000, exclusive of interest and costs. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

24. Generally, federal courts determine the amount in controversy for removal purposes by looking at the amount demanded by a plaintiff in their petition. *InVas Medical Devices, LLC v. Zimmer Biomet CMF and Thoracic, LLC*, 2022 WL 4538459 at *7 (N.D. Tex. Sep. 28, 2022). In the event that a plaintiff does not allege a specific amount of damages, the Fifth Circuit has articulated a test by which a court may determine if the amount in controversy is met. *See White*, 319 F.3d at 675 (5th Cir. 2003). First, the court "must examine Plaintiff's complaint to determine whether it is 'facially apparent' that the Plaintiff's claims exceed the jurisdictional amount." *Id.* (quoting *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). If the amount is not facially apparent, "the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id*. Substantive, non-conclusory evidence is sufficient to meet the defendant's burden of proving the amount in controversy by a preponderance of the evidence. *Id.* at 675-76; *InVas Medical Devices*, 2022 WL 4538459 at *7.

25. Removal is proper once a defendant proves by a preponderance of the evidence that the jurisdictional amount is met, unless the plaintiff can prove *with legal certainty* that plaintiff's recovery will not exceed the jurisdictional amount. *InVas Medical Devices*, 2022 WL 4538459 at *7 (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

26. In the present case, Plaintiffs' Petition seeks actual damages for injuries following a motor vehicle collision on a highway in which they were "rear-ended," including "[p]hysical pain and mental anguish in the past and future; [m]edical expenses in the past and future; [p]hysical impairment; and [l]oss of earning capacity." **Exhibit C**, ¶¶ 8, 11. They seek to recover these damages, in addition to costs and statutory interest, in the amount of "$250,000 or less." **Exhibit C**, at 4. Plaintiffs' petition, with nondescript factual allegations regarding the collision and "non-

specific injuries" do not "meet the facially apparent test." *Castellanos*, 2023 WL 2699998 at *3 (N.D. Tex. March 28, 2023).

27. On January 22, 2026, Plaintiffs served Supplemental Answers to Initial Disclosures. Plaintiff Alicia Rojas' disclosures detailed that the amount of past medical expenses she seeks to recover total $81,848.63. *See* **Exhibit N** at 2. She further indicated her intention to supplement the amount sought in "lost wages." **Exhibit N** at 3. Additionally, she seeks to recover damages for physical pain and mental anguish in the past and future, future medical expenses, physical impairment, and loss of earning capacity. *See* **Exhibit C**, ¶¶ 8, 11; **Exhibit N** at 2-3.

28. Accordingly, the preponderance of the evidence demonstrates that the damages in question are greater than $75,000 in this case exclusive of interest and costs. Therefore, the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

## III. VENUE

29. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the County Court at Law No. 2 of Denton County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## IV. PROCEDURAL REQUIREMENTS

30. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Index of Matters Being Filed |
| **B.** | Docket Sheet in the State Court Action |
| **C.** | Plaintiff's Original Petition Filed on September 11, 2025 |
| **D.** | Citation to Cargill Meat Logistics Solutions, Inc. dated October 1, 2025 |

| EXHIBIT | DESCRIPTION |
|---|---|
| **E.** | Citation to Cargill Meat Logistics Solutions, Inc. dated October 7, 2025 |
| **F.** | CMLS's Original Answer |
| **G.** | Sidney McLendon's Original Answer |
| **H.** | Cover Letter |
| **I.** | Police Report |
| **J.** | Notice of Filing Affidavits Concerning Authenticity of Medical Expenses |
| **K.** | Notice of Filing Affidavits Concerning Authenticity of Medical Expenses |
| **L.** | Cover Letter |
| **M.** | Notice of Intent to Use Discovery |
| **N.** | Plaintiff Alicia Rojas' First Supplemental Answers to Initial Disclosures |
| **O.** | Lexis Nexis SmartLinx Person Report: Alicia Rojas |
| **P.** | Lexis Nexis SmartLinx Person Report: Pamela Perales Gauna |
| **Q.** | List of Counsel of Record |

31. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. There exists an actual and justiciable controversy between Plaintiffs and Defendants with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

32. As detailed above, Defendants Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

33. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

34. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for Denton County, Texas promptly after filing of same.

## V. CONCLUSION

35. Defendants respectfully request that the above-captioned action now pending in the County Court at Law No. 2, Denton County, Texas, be removed to the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully Submitted,

*/s/ Kristen L. Perry*

KRISTEN L. PERRY
State Bar No. 24090015
kristen.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on February 16, 2026.

*/s/ Kristen L. Perry*

KRISTEN L. PERRY