**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALICIA ROJAS, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO.: 4:26-cv-00165-RWS** |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **SIDNEY MCLENDON, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT CARGILL MEAT LOGISTICS SOLUTIONS, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

Defendant Cargill Meat Logistics Solutions, Inc. ("CMLS") files its Amended Answer and Affirmative Defenses to Plaintiffs' Original Petition and respectfully shows the Court as follows:

## I. DISCOVERY PLAN

1. As to Paragraph 1 of Plaintiffs' Original Petition, CMLS denies that discovery in this matter is governed by Texas Rule of Civil Procedure Rule 190.2. This case will be conducted under the Federal Rules of Civil Procedure.

## II. PARTIES

2. CMLS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Original Petition; therefore, CMLS denies those allegations.

3. CMLS is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Original Petition; therefore, CMLS denies those allegations.

4. Paragraph 4 of Plaintiffs' Original Petition makes no allegations against CMLS and requires no response. To the extent a response is required, CMLS is without sufficient knowledge

or information to form a belief as to the truth of the allegations contained in Paragraph 4; therefore, CMLS denies those allegations.

5. CMLS admits that it is a Kansas corporation with a principal place of business in Wichita, Kansas and was served with process. The remaining allegations in Paragraph 5 of Plaintiffs' Original Petition are moot and therefore denied.

## III. JURISDICTION & VENUE

6. CMLS admits that this Court has jurisdiction over this case and that the case was properly removed to the United States District Court for the Eastern District of Texas – Sherman Division on the basis of diversity jurisdiction. CMLS denies the remaining allegations in Paragraph 6 of Plaintiffs' Original Petition.

7. Paragraph 7 of Plaintiffs' Original Petition states a legal conclusion that requires no response. To the extent a response is required, CMLS admits only that all or a substantial part of the events giving rise to the claim occurred in Denton County, Texas and this Court is the proper venue. The remaining allegations are denied.

## IV. FACTS

8. CMLS admits only that an automobile collision occurred on or about January 1, 2025, at Highway 35 in Denton County, Texas. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff Pamela Perales Gauna was a passenger in a vehicle driven by Plaintiff Alicia Rojas; and therefore, CMLS denies those allegations. CMLS denies remaining allegations contained in Paragraph 8 of Plaintiffs' Original Petition.

## V. NEGLIGENCE

9. CMLS denies the allegations in Paragraph 9 of Plaintiffs' Original Petition, including those in subsections (a) through (f).

## VI. RESPONDEAT SUPERIOR

10. CMLS denies the allegations in Paragraph 10 of Plaintiffs' Original Petition.

## VII. DAMAGES

11. CMLS denies the allegations contained in Paragraph 11 of Plaintiffs' Original Petition as to CMLS. CMLS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and subparagraphs (a) through (d); therefore, CMLS denies those allegations.

## VIII. PRAYER FOR RELIEF

CMLS denies that Plaintiffs are entitled to any of the relief sought by way of this lawsuit, as in the Prayer of Plaintiff's Original Petition.

## DEFENSES

12. Plaintiffs' claims are barred in whole or in part because their injuries or damages, if any, were caused by the conduct of one or more persons or entities for whose conduct CMLS was not responsible, and the alleged conduct of CMLS about which Plaintiffs complain was not the actual, proximate, or legal cause of any injury or damage they claim to have suffered. Rather the sole actual, proximate, and legal cause of the injuries and damages Plaintiffs claim to have suffered was the conduct of a person other than Plaintiffs or CMLS.

13. Plaintiffs' claims are barred in whole or in part because their injuries or damages, if any, resulted from one or more unforeseeable, new and independent, intervening, or superseding

acts or events over which CMLS had no control and for which CMLS is not responsible, which became the immediate or proximate cause of Plaintiffs' injuries or damages, if any.

14. At all times mentioned herein, Plaintiffs were negligent, careless, and at fault, and conducted themselves so as to contribute substantially to their alleged injuries and damages. Said negligence, carelessness, and fault of Plaintiffs bars in whole or in part the damages which Plaintiffs seek to recover herein.

15. Plaintiffs' damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

16. Plaintiffs' alleged injuries are a result of preexisting and/or unrelated medical conditions for which CMLS is not responsible.

17. CMLS pleads its right to a determination of proportionate responsibility from any claimant, defendant, settling person or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code. By so doing, CMLS does not admit liability and continues to deny the allegations asserted against it.

18. Pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, Plaintiffs' alleged damages consisting of medical or health care expenses are limited to the amount actually paid or incurred on their behalf.

19. To the extent Plaintiffs assert claims for exemplary damages, including any award of exemplary damages against CMLS, such claims violate CMLS's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and similar provisions of the Texas Constitution, Texas statutes, and case law.

20. To the extent Plaintiffs assert claims for exemplary damages, section 41.008 of the Texas Civil Practice & Remedies Code further limits or precludes Plaintiffs' claims for exemplary damages.

21. CMLS reserves any and all rights to amend its Answer and Defenses to assert additional defenses or assert counterclaims as they become apparent during discovery proceedings.

## PRAYER

WHEREFORE, CMLS prays that, upon final trial of this lawsuit, Plaintiffs take nothing and that CMLS recovers its costs, fees, and expenses, and for such other and further relief to which CMLS may show itself to be justly entitled, whether at law or in equity.

## JURY DEMAND

Defendant hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on issues so triable raised in the pleadings.

Dated: April 13, 2026

Respectfully Submitted,

*/s/ Kristen L. Perry*
KRISTEN L. PERRY (Lead Attorney)
State Bar No. 24090015
kristen.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on April 13, 2026.

*/s/ Kristen L. Perry*
KRISTEN L. PERRY