**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALICIA ROJAS, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO.: 4:26-cv-00165-RWS** |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **SIDNEY MCLENDON, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT SIDNEY MCLENDON'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

Defendant Sidney McLendon ("Defendant") files his Amended Answer and Affirmative Defneses to Plaintiffs' Original Petition and respectfully shows the Court as follows:

## I. DISCOVERY PLAN

1. As to Paragraph 1 of Plaintiffs' Original Petition, Defendant denies that discovery in this matter is governed by Texas Rule of Civil Procedure Rule 190.2. This case will be conducted under the Federal Rules of Civil Procedure.

## II. PARTIES

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Original Petition; therefore, Defendant denies those allegations.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Original Petition; therefore, Defendant denies those allegations.

4. Defendant admits that he is an individual who resides at 2762 Bowdon Tyus Road, Bowdon, Carroll County, Georgia 30108 and may be served with process at that address. The

remaining allegations in Paragraph 4 of Plaintiffs' Original Petition are moot and require no response, therefore they are denied.

5. Paragraph 5 of Plaintiffs' Original Petition makes no allegations against Defendant and requires no response. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5; therefore, Defendant denies those allegations.

## III. JURISDICTION & VENUE

6. Defendant admits that this Court has jurisdiction over this case and that the case was properly removed to the United States District Court for the Eastern District of Texas – Sherman Division on the basis of diversity jurisdiction. Defendant denies the allegation that he committed a tort within the State of Texas. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Cargill Meat Logistics Solutions, Inc. maintains substantial and continuing contacts within the State of Texas; therefore, Defendant denies those allegations.

7. Paragraph 7 of Plaintiffs' Original Petition states a legal conclusion that requires no response. To the extent a response is required, Defendant admits only that all or a substantial part of the events giving rise to the claim occurred in Denton County, Texas and this Court is the proper venue. The remaining allegations are denied.

## IV. FACTS

8. Defendant admits only that an automobile collision occurred on or about January 1, 2025, at Highway 35 in Denton County, Texas. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff Pamela Perales Gauna was a passenger in a vehicle driven by Plaintiff Alicia Rojas; therefore, Defendant denies those

allegations. Defendant denies the remaining allegations in Paragraph 8 of Plaintiffs' Original Petition.

## V. NEGLIGENCE

9. Defendant denies the allegations in Paragraph 9 of Plaintiffs' Original Petition, including those in subsections (a) through (f).

## VI. RESPONDEAT SUPERIOR

10. Defendant denies the allegations in Paragraph 10 of Plaintiffs' Original Petition.

## VII. DAMAGES

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Original Petition as to Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and subparagraphs (a) through (d); therefore, Defendant denies those allegations.

## VIII. PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief sought by way of this lawsuit, as in the Prayer of Plaintiff's Original Petition.

## DEFENSES

12. Plaintiffs' claims are barred in whole or in part because their injuries or damages, if any, were caused by the conduct of one or more persons or entities for whose conduct Defendant was not responsible, and the alleged conduct of Defendant about which Plaintiffs complain was not the actual, proximate, or legal cause of any injury or damage they claim to have suffered. Rather the sole actual, proximate, and legal cause of the injuries and damages Plaintiffs claim to have suffered was the conduct of a person other than Plaintiffs or Defendant.

13. Plaintiffs' claims are barred in whole or in part because their injuries or damages, if any, resulted from one or more unforeseeable, new and independent, intervening, or superseding acts or events over which Defendant had no control and for which Defendant is not responsible, which became the immediate or proximate cause of Plaintiffs' injuries or damages, if any.

14. At all times mentioned herein, Plaintiffs were negligent, careless, and at fault, and conducted themselves so as to contribute substantially to their alleged injuries and damages. Said negligence, carelessness, and fault of Plaintiffs bars in whole or in part the damages which Plaintiffs seek to recover herein.

15. Plaintiffs' damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

16. Plaintiffs' alleged injuries are a result of preexisting and/or unrelated medical conditions for which Defendant is not responsible.

17. Defendant pleads his right to a determination of proportionate responsibility from any claimant, defendant, settling person or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code. By so doing, Defendant does not admit liability and continues to deny the allegations asserted against him.

18. Pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, Plaintiffs' alleged damages consisting of medical or health care expenses are limited to the amount actually paid or incurred on their behalf.

19. To the extent Plaintiffs assert claims for exemplary damages, including any award of exemplary damages against Defendant, such claims violate Defendant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and similar provisions of the Texas Constitution, Texas statutes, and case law.

20. To the extent Plaintiffs assert claims for exemplary damages, section 41.008 of the Texas Civil Practice & Remedies Code further limits or precludes Plaintiffs' claims for exemplary damages.

21. Defendant reserves any and all rights to amend his Answer and Defenses to assert additional defenses or assert counterclaims as they become apparent during discovery proceedings.

**PRAYER**

WHEREFORE, Defendant prays that, upon final trial of this lawsuit, Plaintiffs take nothing and that Defendant recovers his costs, fees, and expenses, and for such other and further relief to which Defendant may show himself to be justly entitled, whether at law or in equity.

**JURY DEMAND**

Defendant hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable raised in the pleadings.

Dated: April 13, 2026

Respectfully Submitted,

*/s/ Kristen L. Perry*

KRISTEN L. PERRY (Lead Attorney)
State Bar No. 24090015
kristen.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on April 13, 2026.

*/s/ Kristen L. Perry*
KRISTEN L. PERRY