**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALICIA ROJAS, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:26-CV-00165-RWS** |
| | § | |
| | § | |
| **SIDNEY MCLENDON, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This stipulated Confidentiality Agreement and Protective Order (the "Order") is entered into by and among (a) Plaintiff Alicia Rojas; (b) Plaintiff Pamela Perales Gauna; (c) Cargill Meat Logistics Solutions, Inc. ("CMLS"); and (d) Sidney McLendon ("McLendon"); and (e) any other persons or entities who become bound by this Order by signifying their assent through execution of the Acknowledgment and Agreement to Be Bound, attached hereto as **Schedule A** (the "Acknowledgement and Agreement"). Each of the persons or entities identified in the foregoing clauses (a) through (d) shall be referred to herein individually as a "Party" and collectively, as the "Parties."

**RECITALS**

WHEREAS, on September 11, 2025, Plaintiffs filed a lawsuit against CMLS and McLendon in the County Court at Law No. 2, Denton County, Texas, styled as Cause No. CV-2025-03595.

WHEREAS, the matter was removed and is currently pending before the United States District Court for the Eastern District of Texas Sherman Division, styled as Case No. 4:26-CV-00165-RWS (the "Lawsuit").

WHEREAS, the Parties have sought or may seek certain discovery material from one another, including but not limited to informal requests, document requests, depositions, subpoenas, and other discovery requests, including electronically stored information, arising out of relating to this Lawsuit;

WHEREAS, the Parties stipulate and agree to the following terms and conditions regarding discovery in this matter; and

THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes of confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential or highly confidential, the Parties stipulate and agree as follows:

**SCOPE OF ORDER**

1. This Order applies to all information, documents and things, exchanged in or subject to discovery in the Lawsuit that is produced by a Party or a non-Party, formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with discovery requests, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information, expert reports, and things produced (including documents, information, and things produced for inspection, whether in the form of originals or copies), as well as any and all copies, abstracts, digest, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2. Any Party may designate as "CONFIDENTIAL" any document or portion of any document or any testimony given: (a) that contains trade secrets or confidential business information; (b) that contains private or confidential personal information; or (c) that contains information subject to a confidentiality agreement with parties unaffiliated to the applicable Party that has been disclosed without redaction to the receiving Party and that does not exclude information obtained through legal process ("Confidential Material").

3. A Party may designate as "HIGHLY CONFIDENTIAL" any document or portion of any document or testimony given if the Party believes in good faith (or with respect to a document received from another person, has been reasonably advised by such other person) that such Confidential Material constitutes or includes information that is of such a nature that its disclosure would result in competitive harm, which may include, without limitation: (i) trade secrets or sensitive financial or business information; or (ii) documents or information relating to or reflective of customer information ("Highly Confidential Material"; collectively, with Confidential Material, "Designated Material").

4. Any Party or its counsel serving a subpoena or discovery notice upon a non-Party, which subpoena or discovery notice requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena or discovery notice and instruct the non-Party recipient of such subpoena or discovery notice that the non-Party may designate documents or testimony produced pursuant to such subpoena or discovery notice according to the provisions herein. Any non-Party that executes and delivers a copy of **Schedule A** shall be treated as a party to this Order with all rights and obligations of the signatory Parties hereto.

5. Any Party covered by this Order who produces or discloses any Designated Material (including, without limitation, any information, document, thing, interrogatory answer,

admission, pleading, or testimony) shall mark that Material with the following or similar legend: "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" as appropriate. The failure to designate Designated Material does not constitute a waiver of such claim, and a Party may so designate Designated Material after such Designated Material has been produced in accordance with the terms of this Order, with the effect that the Designated Material is thereafter subject to the protections of this Order.

6. Designated Material subject to this Order may only be used for purposes of this Lawsuit, and not for any other purpose, including any other litigation, business, competitive, governmental, commercial, personal, or administrative purpose. Further, the Designated Material shall not be disclosed by the receiving Party to anyone other than those listed in Paragraphs 7 or 8 (as applicable) except by prior written agreement of the Party or non-Party designating the Designated Material (the "Designating Party") or by order of the court.

7. Confidential Material, and any and all information contained therein, may only be given, shown, made available, communicated, or otherwise disclosed to the Parties or any other persons specified in paragraph 8 below.

8. Highly Confidential Material, and any and all information contained therein, may only be given, shown, made available, communicated, or otherwise disclosed to the following:

a. Counsel (defined herein as any attorney at each of the Parties' retained law firms) and in-house counsel for each of the Parties;

b. Outside experts, consultants, or advisors (and their respective staff) retained by a Counsel for purposes of this Lawsuit or any related secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

c. Court and Court personnel;

d. Any person who is indicated on the fact of a document to have been an author, addressee, or copy or actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

e. For purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony, provided, however, that such Highly Confidential Material can only be shared with such person in connection with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

f. Any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

g. Photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Lawsuit;

h. Court reporters, stenographers, or videographers who record deposition or other testimony in the Lawsuit;

i. The Court, its officers and clerical staff in any judicial proceeding that may result from the Lawsuit;

j. Any mediators and their staffs retained in connection with the Lawsuit; and

k. Any other person or entity with respect to whom Designating Person may consent in writing.

9. Designated Material, copies thereof, and information contained therein may only be used by the persons listed in Paragraphs 7 and 8 and shall not be disclosed in any manner to any other person unless and until (a) counsel for each Party asserting confidentiality waives the claim of confidentiality, or (b) a court orders such disclosure.

10. Before any person or their representative identified in Paragraph 7(b) is given access to Confidential Material, and before any person or their representative identified in Paragraph 8(b), (e), (g). (j), and (k) is given access to the Confidential or Highly Confidential Material, such person or their representative shall be provided with a copy of this Order and shall

execute Exhibit A. Each annexed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. Such executed Exhibit A shall not be subject to disclosure under the applicable rules unless a showing of good cause is made and the Court so orders.

11. **Sealing of Designated Material Filed with or Submitted to Court.** Unless a Party gives written consent to the public filing of Designated Material or information contained in the Designated Material, the Party must follow the following procedures:

a. Designated Material contained in pleadings, documents, or others papers (or attachments thereto) that a Party seeks to file with the Court ("Filing Party") shall be redacted and filed with the Court under a temporary seal,

b. Each Filing Party shall use reasonable best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) under temporary seal to redact on Designated Material from pleadings, documents, or other papers (or attachments thereto).

c. Any Party filing pleadings, documents, or other papers (or attachments thereto) with the Court that contain Designated Material under temporary seal shall serve the Parties un-redacted copies and shall notify any nonparty who designated the documents or information as Highly Confidential or Confidential of the filing under temporary seal and the non-Party's burden to seek any permanent sealing relief.

d. It is the burden of the Party or non-Party who designated the information or documents as Designated Material (the "Designating Person") to request and file any papers in support of permanent sealing.

e. Until the Court rules on the motion to seal, the pleading, document, or other paper (or attachment thereto) shall remain under seal.

12. The limitations on disclosures in this Order shall not apply to any Designated Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As a part of any pretrial conference or any meet-and-confer regarding the use of exhibits in any evidentiary hearing, and at least forty-eight (48) hours prior to the use of any Designated Material at trial or any hearing to be held in open court or as soon as

reasonably practicable, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall attempt to meet and confer in good faith with counsel for the Party who produced the Designating Material, the Designating Person, to discuss whether the Party or non-Party who produced the Designated Material will consent to the use of such material at trial or any hearing to be held in open court, or to otherwise discuss ways to handle the use of any Designated Material at the hearing, so that the material may be offered or otherwise used by any party in accordance with the Federal Rules of Civil Procedure. If the Parties are unable to resolve a dispute related such Designated Confidential Material, then the Designating Person who produced the Designated Material, or other person or entity asserting confidentiality, bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court

13. Where a deposition involves the disclosure of a Party's Designated Material, that Party may (a) state so orally on the record and request that the relevant portion(s) of testimony be so designated; or (b) within seven (7) days following receipt of the deposition transcript, inform all other Parties that portions of the transcript are to be designated Confidential or Highly Confidential. This seven-day period may be extended by agreement of the Parties. Upon being informed that portions of a deposition are to be designated Confidential or Highly Confidential, all Parties shall immediately and appropriately mark each copy of the transcript in its custody or control and shall limit disclosure of that transcript in accordance with the provisions herein. Nothing in this paragraph shall affect the confidentiality designations of Designated Material entered as exhibits at depositions.

14. When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated if requested by the Designating Person.

15. In the event that a Party or non-Party seeks to designate deposition testimony as Confidential or Highly Confidential, the Party or non-Party seeking such designation shall instruct the court reporter to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." Each page of the transcript shall contain the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" as appropriate, if any portion of the transcript is so designated. It is the responsibility of the Party or non-Party seeking to designate portions of a deposition transcript as Confidential or Highly Confidential to ensure compliance.

16. If Confidential Information or Highly Confidential Information is used by any Party during trial, the Court shall provide an instruction to the jury that the Parties agreed to a Protective Order that calls for certain types of information to be designated as confidential or highly confidential so that it is handled with appropriate care, and the jurors are not to construe the fact that something has been designated as confidential or highly confidential against the Designating Party. No Party will be permitted to make any argument before the jury as to the propriety of any other Party's designation of information as confidential or highly confidential.

17. Restrictions on Use of AI to process Confidential or Highly Confidential Information: Absent notice to and written permission from the producing Party, any person or

entity authorized to have access to Confidential or Highly Confidential information under the terms of this Order:

a. shall not use or employ any application, service, or analytical software that will transfer, send or allow access to Confidential and/or Highly Confidential information, in whole or in part – including metadata, unless such application, service or analytical software:

i. does not further transfer the Confidential and/or Highly Confidential information to another provider, unless the Receiving Party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that Party to comply with its obligations under this Protective Order; and

ii. provides the Receiving Party the ability to remove or delete form the system all Confidential and/or Highly Confidential information.

b. shall not permit any Confidential or Highly Confidential information to be used to train any artificial intelligence tool.

18. If counsel for a Party receiving Designated Material objects to that designation in whole or in part:

a. Counsel for the objecting Party shall serve on the Designating Person a written objection describing with particularity the Confidential Material in question and stating the grounds for objection, copying all other Parties. Counsel for the Designating Person shall respond to the objection in writing within three (7) business days, copying all other Parties, and shall state with particularity the grounds for asserting that the Material is properly designated. If no timely written response is made to the objection, the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation cannot be resolved by agreement, the objector challenging the designation shall present the dispute to this Court.

19. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Designated Material that should have been designated as such shall not be deemed to waive a Party's claim of confidentiality, in whole or in part, either as to the specific Designated

Material disclosed or to the information concerning the same or related subject matter. Inadvertent or unintentional disclosures may be rectified by written notification given within a reasonable time after disclosure to counsel for all Parties receiving the Designated Material that the Designated Material should have been designated Confidential or Highly Confidential. Such notice shall constitute a designation of the document(s) as Confidential or Highly Confidential under this Order.

20. When the disclosure of a document, whether Confidential or Highly Confidential or not, that is protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party shall treat such document in accordance with the Federal Rules of Civil Procedure. Such inadvertent or mistaken disclosure shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

21. Notwithstanding the foregoing, the following information shall not be deemed or considered Confidential or Highly Confidential Material under this Order: (a) information in the public domain; (b) information in material(s) that the receiving Party was an author, addressee, or copy or actual recipient thereof, or that was made available during a meeting in which the receiving Party was an attendee; or (c) information that is or becomes available to a Party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis, in each case other than through the production of documents in this Lawsuit.

22. This Order does not deprive any Party of its right to object to discovery by any Party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any Party to move the court for modification of or relief from any of its terms.

23. By entering this Order and limiting the disclosure of information in this Lawsuit, this Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any Party subject to this Order who in another proceeding becomes subject to a motion to disclose another Party's or non-Party's information designated Confidential or Highly Confidential pursuant to this Order shall promptly notify that Designating Person of the motion so that Designating Person may have an opportunity to appear and be heard in the other proceeding.

24. Upon final conclusion of this Lawsuit, upon request of the Designating Person, each Party or non-Party subject to this Order shall destroy all original and unmarked copies of Designated Material produced to it; provided, however, that Party's or non-Party's counsel may retain complete copies of all transcripts, pleadings, and filings, including any exhibits attached thereto, for archival purposes subject to the provisions of this Order. To the extent a Designating Person requests the return of Designated Material from the Court following the final conclusion of this Lawsuit, including the exhaustion of all appeals therefrom and all related proceedings, the Designating Person shall file a motion seeking such relief.

25. This Order remains in full force and effect unless modified by order of the Court or by written stipulation of the Parties filed with the court.

**So ORDERED and SIGNED this 22nd day of April, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

**SCHEDULE A**
**Acknowledgement and Agreement to be Bound**

I, ______________________ [print or type full name], of ______________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order that was issued by the United States District Court for the Eastern District of Texas Sherman Division on ______ [date] in the case of *Alicia Rojas, et al. v. Sidney McLendon, et al.*, Case No. 4:26-CV-00165-RWS (the "Protective Order"). I agree to comply with and to be bound by all the terms in this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Texas Sherman Division for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this case.

Printed name: ____________________________________

Signature: _______________________________________

Date: ___________________________________________