# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| **ALICIA ROJAS AND PAMELA PERALES GAUNA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-00165-RWS** |
| | § | |
| | § | |
| **SIDNEY MCLENDON AND CARGILL MEAT LOGISTICS SOLUTIONS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## RETURN OF SERVICE

Came to my hand on **Thursday, July 16, 2026 at 12:30 PM,**
Executed at: **2151 FORT WORTH AVENUE, DALLAS, TX 75211**
at **4:12 PM,** on **Wednesday, July 22, 2026**, by delivering to the within named:

**MRI CENTERS OF TEXAS, LLC**

By personally delivering to **Authorized Person, MARINA ULLOA,** per Client's instructions

a true copy of this

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION with EXHIBITS A, B & C TO SUBPOENA IN CIVIL ACTION and NOTICE OF DEPOSITION BY WRITTEN QUESTIONS with DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS**

having first endorsed thereon the date of the delivery and tendered a $40.00 witness fee.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude.

**My name is Ernesto Martin Herrera, I am at least 18 years old, and my business address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.**

Executed in Dallas County, State of Texas, on Monday, July 27, 2026

**By:**________________________
**Ernesto Martin Herrera - PSC 4418 - Exp 11/30/27**
**served-sd@proceedlegal.com**

MRI Centers Of Texas
MRI • X-Ray • CT
P.O. Box 224852
Dallas, TX 75222
Office 972-498-1963 Fax 972-498-1964

To whom it may concern:

The office receptionist is authorized to accept subpoena requests, due to our custodian of records working from home.

Thank you,

Ardelle Archer, Owner

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Alicia Rojas and Pamela Perales Gauna
*Plaintiff*
v.
Sidney McLendon and Cargill Meat Logistics Solutions, Inc.
*Defendant*

Civil Action No. 4:26-CV-00165-RWS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: MRI Centers of Texas, LLC
c/o Registered Agent Robert B. Shields
2151 Fort Worth Avenue, Dallas, TX 75211

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this Subpoena

| Place: Faegre Drinker Biddle & Reath LLP<br>2323 Ross Avenue, Ste. 1700, Dallas, TX 75201<br>Or by email to kristen.perry@faegredrinker.com | Date and Time:<br>August 7, 2026 at 5:00 p.m. CT |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 16, 2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

Kristen L. Perry
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sidney McLendon and Cargill Meat Logistics Solutions, Inc., who issues or requests this subpoena, are:

Kristen L. Perry, Faegre Drinker Biddle & Reath LLP, kristen.perry@faegredrinker.com, (469) 357-2500

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________
__________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

RETURN / AFFIDAVIT
PROOF / ATTACHED

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A TO SUBPOENA IN CIVIL ACTION**

**DEFINITIONS**

As used in these requests, the following terms shall have the meanings indicated below:

1. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, political subdivisions, governmental and/or quasi-governmental entities or agencies, or any other kind of entity.

2. "Document" shall have the meaning set forth in Fed. R. Civ. P. 26(b) and 34(a).

3. The "Lawsuit" shall refer to Case No. 4:26-CV-00165-RWS pending in the U.S. District Court for the Eastern District of Texas, Sherman Division, and captioned *Alicia Rojas and Pamela Perales Gauna v. Sidney McLendon and Cargill Meat Logistics Solutions, Inc.*

4. "You" shall refer to the Person to whom this subpoena is directed, individually, as well as their agents, attorneys, and all other Persons acting on their behalf.

5. "Communication" means any recorded or transcribed transmission of information from one person to another, including, without limitation, letters, emails, facsimile messages, handwritten notes, memoranda, instant messages, social media postings or messages, and audio or video recordings.

6. "Photograph" means any picture, representation, computer generated image, image, graphic representation, computer or electronic reproduction, either still or moving, obtained by any process of the art or practice of producing images of objects, places or persons upon a photosensitive surface by the chemical action of light or other radiant energy, or upon any other medium by electricity, magnetic, chemical, imprintation or engraving.

7. The "Accident" shall refer to the January 1, 2025 motor vehicle collision which forms the basis of Plaintiffs' allegations in the Lawsuit.

8. "CMLS" shall refer to Cargill Meat Logistics Solutions, Inc. as well as its agents, employees, attorneys, and all other persons acting on its behalf.

9. "McLendon" shall refer to Sidney McLendon as well as his agents, attorneys, and all other persons acting on his behalf.

10. "Defendants" shall refer, collectively, to the Persons named as defendants in the Lawsuit.

11. "Alicia Rojas Garcia" shall refer to Plaintiff Alicia Rojas (DOB: 12/31/1970), individually, as well as her agents, attorneys, and all other Persons acting on her behalf.

12. "Pamela Perales Gauna" shall refer to Plaintiff Pamela Perales Gauna (DOB: 1/10/1987), individually, as well as her agents, attorneys, and all other Persons acting on her behalf.

13. "Ben Abbott & Associates PLLC" shall refer to the law firm of that name which is representing Plaintiffs in the Lawsuit.

14. "Letter of Protection" shall have the meaning commonly understood in the personal injury context and set forth by the Texas Supreme Court in relevant precedent, including but not limited to *In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 245 n. 1 (Tex. 2021): "Plaintiffs' personal-injury attorneys sometimes provide 'letters of protection' to their clients' healthcare providers, in lieu of any immediate payment, to assure future payment from the proceeds of any recovery from the third party who allegedly caused the injuries." (citations omitted).

## INSTRUCTIONS

The following Instructions are an integral part of these requests:

1. Unless otherwise indicated in any particular request, these requests seek documents created at any time from June 1, 2024 to the present date.

2. You are requested to produce copies of original documents and any non-identical duplicates.

3. The documents responsive to these requests shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond to the categories in the requests.

4. If you contend or believe that a privilege, objection or other protection entitles you to withhold any requested material or information sought by any request, you must:

   a. state the nature of the privilege, objection or doctrine claimed;

   b. state the nature and identity of the attorney (or other appropriate person or party) with respect to whom the privilege, objection or doctrine is claimed;

   c. state the basis for claiming the privilege, objection or doctrine as to the specific information or document involved;

   d. in the event that any such document is requested to be produced or identified, set forth in writing a statement identifying each such document by author, addressee, persons to whom copies were furnished, and date, together with a description of the subject matter of each such document; and

   e. if any privilege, objection or doctrine is claimed with respect to any information, identify each person who has had knowledge of such information, or to whom such information has been communicated in any way at any time.

5. If you claim that any document requested to be identified or produced was in existence at one time but has been lost, discarded or destroyed, identify such document or thing as completely as possible including:

   a. the identity of the author and all addressees of any type;

   b. the date of such document;

   c. an explanation of the type of document;

   d. when and how it was lost, discarded or destroyed;

   e. why it was disposed of, discarded or destroyed;

   f. all persons who know or knew of its existence;

g. the person(s) who lost, discarded or destroyed it;

h. all persons who know of its contents; and

i. the identity and address of the last known custodian or person holding such document.

6. If you do not possess knowledge of the requested information or documents, you should so state your lack of knowledge and describe all efforts made by you to obtain the documents and information necessary to answer the request.

7. Whenever used herein, the singular includes the plural and vice-versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense when the clear meaning is not distorted by a change of tense.

8. These requests are continuing, and should you acquire any additional information responsive to these requests, your responses shall be supplemented to provide the additional information in accordance with applicable law.

## DOCUMENT REQUESTS

Please produce the following:

1. All medical records of Alicia Rojas Garcia.
2. All medical records of Pamela Perales Gauna.
3. All Communications between You and Alicia Rojas Garcia relating to her medical treatment and records.
4. All Communications between You and Pamela Perales Gauna relating to her medical treatment and records.
5. All Communications between You and Alicia Rojas Garcia relating to the Accident.
6. All Communications between You and Pamela Perales Gauna relating to the Accident.
7. All Communications between You and Alicia Rojas Garcia relating to the Lawsuit.
8. All Communications between You and Pamela Perales Gauna relating to the Lawsuit.
9. All Communications between You and Ben Abbott & Associates PLLC relating to Your medical treatment of Alicia Rojas Garcia.
10. All Communications between You and Ben Abbott & Associates PLLC relating to Your medical treatment of Pamela Perales Gauna.
11. All Communications between You and Ben Abbott & Associates PLLC relating to the Accident.
12. All Communications between You and Ben Abbott & Associates PLLC relating to the Lawsuit.
13. All Communications between You and any third party relating to Your medical treatment of Alicia Rojas Garcia.
14. All Communications between You and any third party relating to Your medical treatment of Pamela Perales Gauna.

15. All Communications between You and any third party relating to the Accident.

16. All Communications between You and any third party relating to the Lawsuit.

17. All Letter(s) of Protection in place between You and Plaintiff Alicia Rojas Garcia relating to the Accident.

18. All Letter(s) of Protection in place between You and Plaintiff Alicia Rojas Garcia relating to the Lawsuit.

19. All Letter(s) of Protection in place between You and Plaintiff Pamela Perales Gauna relating to the Accident.

20. All Letter(s) of Protection in place between You and Plaintiff Pamela Perales Gauna relating to the Accident.

# EXHIBIT B TO SUBPOENA IN CIVIL ACTION

## LIMITED MEDICAL AUTHORIZATION

Patient Name: Alicia Rojas Garcia

Date of Birth: 12/31/1970 Social Security #:

I hereby authorize you to furnish all of the medical records, charts, reports, treatments, diagnoses, and medical bills in your possession concerning your care and treatment of Patient to the following designated holder of this Limited Medical Authorization:

Designated Holder: Kristen L. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue Suite 1700
Dallas, TX 75201

All expenses for obtaining said documents are to be borne by the aforementioned Holder of this Limited Medical Authorization.

This Limited Medical Authorization is extended to said Holder with the explicit understanding that the Holder is to provide a copy of each and every request for medical information which he/she makes to a health care provider of Patient, as well as a copy of each and every record, chart, report, etc. received by said Holder from the use of this Authorization to Patient's attorneys:

Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, TX 75041
(972) or (817) 263-5555 Fax (972) 682-7586

"These copies will be provided without charge" by said Holder to Patient's Attorneys.

It is also understood by said Holder that this Limited Authorization **DOES NOT ALLOW** said Holder to have **ORAL CONFERENCES** with any of Patient's health care providers outside the presence of Patient's Attorneys. This Limited Medical Authorization is provided only for the purpose of obtaining written records and/or documentation already in existence and generated by Patient's health care providers as of the time of the use of said Limited Medical Authorization. The Holder of this Limited Medical Authorization **SHALL NOT REQUEST** a health care provider to draft narratives, reports, etc. which have not already been requested by Patient or Patient's Attorneys and/or which are not already in existence.

Dated:________________ ________________________
Alicia Rojas Garcia

278037

# EXHIBIT C TO SUBPOENA IN CIVIL ACTION

## LIMITED MEDICAL AUTHORIZATION

Patient Name: Pamela Perales Gauna

Date of Birth: 1/10/1987 Social Security #:

I hereby authorize you to furnish all of the medical records, charts, reports, treatments, diagnoses, and medical bills in your possession concerning your care and treatment of Patient to the following designated holder of this Limited Medical Authorization:

Designated Holder: Kristen L. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue Suite 1700
Dallas, TX 75201

All expenses for obtaining said documents are to be borne by the aforementioned Holder of this Limited Medical Authorization.

This Limited Medical Authorization is extended to said Holder with the explicit understanding that the Holder is to provide a copy of each and every request for medical information which he/she makes to a health care provider of Patient, as well as a copy of each and every record, chart, report, etc. received by said Holder from the use of this Authorization to Patient's attorneys:

Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, TX 75041
(972) or (817) 263-5555 Fax (972) 682-7586

"These copies will be provided without charge" by said Holder to Patient's Attorneys.

It is also understood by said Holder that this Limited Authorization **DOES NOT ALLOW** said Holder to have **ORAL CONFERENCES** with any of Patient's health care providers outside the presence of Patient's Attorneys. This Limited Medical Authorization is provided only for the purpose of obtaining written records and/or documentation already in existence and generated by Patient's health care providers as of the time of the use of said Limited Medical Authorization. The Holder of this Limited Medical Authorization **SHALL NOT REQUEST** a health care provider to draft narratives, reports, etc. which have not already been requested by Patient or Patient's Attorneys and/or which are not already in existence.

Dated:______________ [signature]
Pamela Perales Gauna

278049

**EXHIBIT D TO SUBPOENA IN CIVIL ACTION**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALICIA ROJAS and PAMELA PERALES GAUNA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO.: 4:26-CV-00165-RWS** |
| | § | |
| **SIDNEY MCLENDON and CARGILL MEAT LOGISTICS SOLUTIONS, INC.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**NOTICE OF DEPOSITION BY WRITTEN QUESTIONS**

To: MRI Centers of Texas, LLC, c/o Registered Agent Robert B. Shields, 2151 Fort Worth Avenue, Dallas, Texas 75211.

Defendants Sidney McLendon and Cargill Meat Logistics Solutions, Inc. request the deposition by written question of the custodian of records for **MRI Centers of Texas, LLC**. Your answers to the written questions below must be made before a notary public or other officer authorized to administer oaths by the State of Texas. Your sworn answers are due to the undersigned attorney by August 7, 2026 at 5:00 p.m. CT.

Respectfully Submitted,

*/s/ Kristen L. Perry*
KRISTEN L. PERRY
State Bar No. 24090015
kristen.perry@faegredrinker.com
HAYDEN BROWN
State Bar No. 24120726
hayden.brown@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Ste. 1700
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **MRI Centers of Texas, LLC**

Instructions: **The questions and answers below shall pertain to all Documents produced by You in response to the requests attached as Exhibit A to Defendants' Subpoena.**

1. State your full name, occupation, address, and official title.

   ______________________________________________

2. Are you the custodian of records for the above-mentioned facility?

   ______________________________________________

3. Are you among those who have possession, custody, control of or access to the Documents and records described in Exhibit A?

   ______________________________________________

4. Are you able to identify the documents and records produced as the original or true and correct copies of the originals?

   ______________________________________________

5. Are the Documents and records produced kept under your/your facility care, supervision, direction, custody and/or control?

   ______________________________________________

6. Were the Documents and records produced made in the regular course of your facility's business?

   ______________________________________________

7. Were the Documents and records produced kept in the regular course of your facility's business?

   ______________________________________________

8. Was it in the regular course of business for a person with knowledge of the acts, events, conditions, opinions, or diagnoses to make such Documents and records or to transmit the information thereof to be included in such Documents and records?

   ______________________________________________

9. Were the Documents and records produced made at or near the time of the treatment or reasonably soon thereafter?

______________________________________________________________

10. Please confirm that all Documents and records described in Exhibit A have been produced.

______________________________________________________________